UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARMEN SANCHEZ,<br>    Plaintiff, | :<br>: |
| | :   CIVIL ACTION NO. |
|     v. | :<br>:   3:14-cv-1810-VLB |
| UNITED COMMUNITY AND FAMILY<br>SERVICES, INC., | :<br>:   August 24, 2015 |
|     Defendant. | : |

**MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION TO DISMISS**

Carmen Sanchez sues her former employer, United Community and Family Services, Inc. ("UCFS"), alleging, that she was fired rather than granted a leave of absence to undergo a hysterectomy. She asserts, in relevant part, claims for reasonable accommodation and discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen.Stat. § 46a–60 *et seq.* Pursuant to Federal Rule of Civil Procedure 12(b)(6), UCFS moves to dismiss Sanchez's reasonable accommodation claims for failure to exhaust her administrative remedies. Claims for reasonable accommodation and discrimination are distinct claims for relief, but the exhaustion of one of these claims is "reasonably related" to the other where, as here, the plaintiff was discharged for failing to return to work and the time away from work was the accommodation sought. Accordingly, UCFS's motion to dismiss is DENIED.

1

**FACTS AND PRODUCEDURAL BACKGROUND**

Sanchez brings, *inter alia*, ADA and CFEPA claims for reasonable accommodation and discrimination against her former employer, UCFS. Dkt. No. 1 (Compl.). Her complaint contains the following relevant allegations. Sanchez worked for UCFS as a medical assistant from May 2003 through May 2007 and from September 2012 until March 2013. *Id.* at ¶¶ 35–39, 44. Around the time that she began her second employment stint with UCFS, Sanchez began suffering from chronic pelvic pain caused by hematometra, a medical condition involving the collection or retention of blood in the uterus. *Id.* at ¶¶ 13–14, 24. To treat this condition, Sanchez requested time off to undergo a hysterectomy in January 2013, but UCFS denied her request due to staffing problems. *Id.* at ¶¶ 51–52. Putting off the surgery required Sanchez to take multiple absences in February 2013. *Id.* at ¶¶ 54–56. Sanchez scheduled her surgery for March 12, 2013 and informed UCFS that she would require six weeks of leave. *Id.* at ¶¶ 41, 53. Sanchez provided UCFS with a doctor's note, which was dated March 22, 2013 and stated that Sanchez could return to work without restrictions on April 29, 2013. *Id.* at ¶ 42. On March 28, 2013, Sanchez spoke with a human resources representative about her return to work on April 29th. *Id.* at ¶ 43. On March 29, 2013, UCFS sent Sanchez a letter informing her that UCFS had terminated her employment as of March 25, 2013. *Id.* at ¶ 44. UCFS used Sanchez's absences as a negative factor in deciding to terminate her employment. *Id.* at ¶ 58. Sanchez filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Connecticut Commission on Human Rights and Opportunities ("CHRO") in September 2013. *Id.* at ¶¶ 63, 65.

UCFS moves to dismiss Sanchez's ADA and CFEPA claims for reasonable accommodation, arguing that these claims are unexhausted for the following reasons. Dkt. Nos. 15 (Mot.); 15-1 (Mem.). Sanchez's EEOC and CHRO charges, which must be filed prior to bringing suit, did not include any allegation concerning the denial of a reasonable accommodation. Dkt. No. 15 (Mem.) at 5, 8. In those charges, Sanchez checked only the boxes for retaliation and wrongful termination and her factual allegations supported only those claims. *Id.* at 8. Her allegations of retaliation and wrongful termination are significantly different from, and not reasonably related to, the allegations in her complaint concerning her claims for reasonable accommodation. *Id.* at 9. In support, UCFS attaches Sanchez's CHRO administrative charge.[1] Dkt. No. 15-2 (Ex. 1).

## LEGAL ANALYSIS

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

[1] The EEOC and CHRO have a worksharing agreement whereby a charge sent to one agency is forwarded to the other. *See Rogers v. Makol*, 2014 WL 4494235, at *3 n.3 (D. Conn. Sept. 10, 2014) ("A complaint filed with a state fair employment practice agency such as the CHRO may be automatically dual-filed with the EEOC if the two agencies participate in a worksharing agreement that so authorizes . . . . The CHRO and the EEOC routinely participate in such agreements." (internal citations omitted)). Therefore, Sanchez's CHRO charge also served as her EEOC charge.

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Despite this solicitude, a defendant may raise an affirmative defense in "a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). In addition to the complaint, a court may consider other documents, including documents attached to the complaint, incorporated by reference, and subject to judicial notice. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). A complaint incorporates a document by reference where, as here, "it makes a clear, definite, and substantial reference to the documents.'" *DeLuca v. AccessIT Group, Inc.*, 695 F.Supp.2d 54, 60 (S.D.N.Y. 2010) (quotation marks omitted). Incorporation by reference is frequently invoked with respect to EEOC charges. *See, e.g., Littlejohn v. City of New York*, 2015 WL 4604250, at *19 n.3 (2d Cir. Aug. 3, 2015) ("[I]t is proper for this court to consider the plaintiff's relevant filings with the EEOC and other documents related to the plaintiff's claim, even if they are not attached to the complaint, so long as those filings are . . . incorporated by reference." (internal quotation marks and alterations omitted)).

UCFS seeks dismissal of Sanchez's ADA and CFEPA claims for reasonable accommodation on the basis that she did not properly exhaust those claims. Prior to filing an ADA suit in federal court, a claimant must file a timely charge with the EEOC and obtain a right-to-sue letter. *See* 42 U.S.C. § 12117(a) (adopting the filing requirements of 42 U.S.C. § 2000e-(5) for Title I ADA claims); *Zerilli-*

*Edelglass v. New York City Transit Auth.*, 333 F.3d 74 (2d Cir. 2003) (affirming dismissal of ADA claims for failure to exhaust).  CFEPA similarly requires a claimant to exhaust her administrative remedies prior to bringing a judicial action.[2]  *See* Conn Gen.Stat. §§ 46a–100, 46a–101.

Sanchez does not dispute that she did not explicitly allege reasonable accommodation claims in her administrative charges and instead argues that these claims are "reasonably related" to her discrimination claims.  The Second Circuit considers a claim "reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Fitzgerald v. Henderson,* 251 F.3d 345, 359–60 (2d Cir.2001) (internal quotation marks omitted); *see Garris v. Dep't of Corr.,* 170 F.Supp.2d 182, 188–89 (D. Conn. 2001) (applying the "reasonably related" analysis to CFEPA claims). This inquiry should focus "on the factual

---

[2] There is a disagreement among district courts in Connecticut about whether exhaustion is a jurisdictional requirement under CFEPA.  *Compare Hannah v. Wal-Mart Stores, Inc.*, 2015 WL 3771699, at *4 (D. Conn. June 17, 2015) (jurisdictional), *with Cayo v. Stop & Shop Supermarket Co.*, 2012 WL 5818862, at *2 (D. Conn. Nov. 15, 2012) (nonjurisdictional).  The Connecticut Supreme Court has not addressed this precise question but has ruled that the time limit for filing CHRO complaints as expressed in Connecticut General Statutes § 46a-82(e) is not jurisdictional, in part, because the audience "consists of potential victims of various forms of discrimination."  *See Williams v. Comm'n. on Human Rights & Opportunities*, 257 Conn. 258, 283 (2001).  This Court concludes that the requirement here is not jurisdictional for two reasons.  First, the relevant audience of §§ 46a–100 and 46a–101 consists of potential discrimination victims.  Second, Connecticut "look[s] to federal law for guidance on interpreting state employment discrimination law," *Feliciano v. Autozone, Inc.*, 316 Conn. 65, 73 (2015), and, under federal law, the failure to exhaust an ADA claim does not deprive a court of subject matter jurisdiction, *see Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam).  Accordingly, the Court also addresses Sanchez's CFEPA claim for reasonable accommodation pursuant to Rule 12(b)(6).

allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *See Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (quotation marks omitted). "The central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases." *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (internal quotation marks omitted).

Here, Sanchez's reasonable accommodation claims are reasonably related to her discrimination claims. The alleged misconduct underlying both claims concerns UCFS's treatment of Sanchez when she took time off to undergo a hysterectomy. Whether the alleged misconduct is described as the denial of a reasonable accommodation (time off) or discrimination (termination for taking time off), the state and federal administrative agencies as well as UCFS had adequate knowledge of the underlying *facts* to investigate Sanchez's reasonable accommodation claims. It is of no moment that Sanchez failed to check all pertinent boxes on her administrative forms. *See Williams*, 458 F.3d at 71 (ruling that allegations in EEOC claim are sufficient despite the fact that "there was no check in the box marked 'Sex'"). Accordingly, this Court joins district courts in this Circuit, as well as district courts in other circuits, to hold that a discrimination claim is reasonably related to a reasonable accommodation claim (and vice versa) for exhaustion purposes where the underlying facts are such that the plaintiff was discharged for failing to return to work and the time away from work was the reasonable accommodation sought. *See Morales v. Goodwill Indus., Inc.*, 2014 WL 4914255, at *4 (N.D. Ill. Sept. 30, 2014) (citing cases therein

and ruling that the claims were reasonably related because "it was the defendant's alleged failure to accommodate that actually caused the plaintiff to be terminated"); *Shepheard v. City of New York*, 577 F.Supp.2d 669, 678 (S.D.N.Y. 2008) (ruling that termination claim was reasonably related to reasonable accommodation claim because EEOC charge concerned plaintiff's sick leave and the defendant's conduct with respect to such leave); *Santos v. City of New York*, 2001 WL 1568813, at *2 (S.D.N.Y. Dec. 7, 2001) (ruling that reasonable accommodation claim reasonably related to discrimination claim). UCFS's motion to dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, UCFS's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED. Pursuant to the Court's June 16, 2015 scheduling order, a jury trial is scheduled for June 2016. Dkt. No. 24.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 24, 2015